IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSEPH A. BEACH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:24-CV-00166-Z-BR |
| | § | |
| GLADYS MOSER, | § | |
| | § | |
| Defendant. | § | |

**<u>FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT</u>**

Before the Court are a Motion to Rescind and Amended Complaint filed by Plaintiff Joseph A. Beach ("Beach"). (ECF 5). For the reasons stated below, the Magistrate Judge recommends that the District Court *sua sponte* dismiss the Complaint for lack of subject matter jurisdiction.

**I. BACKGROUND FACTS**

Beach filed this action on August 6, 2024, without specifying a basis for the Court's jurisdiction. (ECF 3 at 1). After reviewing Beach's Complaint, the Court questioned whether it has jurisdiction over this action because the allegations in the Complaint are insufficient to satisfy Beach's burden of establishing subject matter jurisdiction. The Complaint alleged no federal question, nor does it allege the parties' citizenship to establish diversity jurisdiction. As a result, the Court issued a Notice of Jurisdictional Deficiency, and ordered Beach to amend his Complaint by October 4, 2024, to indicate the basis for the Court's subject matter jurisdiction. (ECF 4). Beach was warned that failure to do so would result in a recommendation that the District Judge dismiss this case for lack of subject matter jurisdiction. (*Id.*).

On October 11, 2024, Beach filed what he titled an Amended Complaint and a Motion to Rescind; however, he did not cure the jurisdictional deficiency. (ECF 5). It appears that Beach is

alleging state law claims of theft and/or fraud under Texas law against the defendant, and that he seeks to rescind a power of attorney he had given to defendant. However, he does not show that the parties have diverse citizenship, despite being notified of the requirements to show diversity jurisdiction.

## II. LEGAL ANALYSIS

### A.    Subject Matter Jurisdiction.

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.* A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established

argumentatively or by mere inference." *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp.*, 841 F.2d at 1258. A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citation omitted). Citizenship of an unincorporated association is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2).

A federal court also has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, which is commonly referred to as federal question jurisdiction. 28 U.S.C. § 1331. Whether an action "arises under" federal law and creates federal question jurisdiction ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted).

**B.     Beach Fails to Allege Subject Matter Jurisdiction.**

In the Motion, Beach seeks to rescind a power of attorney given to the defendant and accuses her of theft and embezzlement of "funds and property to the excess of $100,000". (ECF 5 at 1). Therefore, it is not clear from the face of the Complaint that this Court has federal question

jurisdiction. "If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking." *Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000) (citing *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).

Because Beach asserts only state-law claims, there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000.00 for this Court to have subject matter jurisdiction. 28 U.S.C. § 1446(c)(2). Beach bears the burden of establishing by a preponderance of the evidence that the parties are completely diverse. *De Aguilar v. Boeing Co. (De Aguilar I)*, 11 F.3d 55, 58 (5th Cir. 1993). Beach's Motion does not cure the Complaint by providing the citizenship of the Defendant. He provides an Amarillo address for the defendant; while the residence of a defendant is not dispositive of a party's citizenship, it does indicate that the defendant may be a citizen of the state of Texas such that diversity jurisdiction does not exist. (ECF 5 at 5).

In summary, Beach alleges a state law claim against a defendant who appears to not have diverse citizenship; therefore, his recourse is in state court, not federal court. Because this Court has no subject matter jurisdiction, this case should be dismissed without prejudice and all pending motions terminated.

C.   **Leave to Amend.**

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Leave to amend is not necessary, however, when the plaintiff already has pleaded his best case. *Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (citations omitted). Beach was given leave to amend and properly allege subject matter jurisdiction, but he failed to do so. Therefore, allowing Beach further attempts to amend is unnecessary.

## RECOMMENDATION

For the reasons stated above, the District Court should DISMISS this case without prejudice for lack of subject matter jurisdiction, and terminate all pending motions (ECF 5).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 24, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).